# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

|  |  |
|---|---|
| NICOLE FRIED, in her official capacity as the Commissioner of Agriculture, VERA COOPER, NICOLE HANSELL, and NEILL FRANKLIN <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, in his official capacity as Attorney General of the United States, STEVEN M. DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and THE UNITED STATES OF AMERICA, <br><br> Defendants. | No. 4:22-cv-00164-AW-MAF |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT OR ALTERNATIVELY FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................ i

TABLE OF AUTHORITIES ............................................................... iii

INTRODUCTION................................................................................ 1

ARGUMENT ...................................................................................... 2

    I.    Plaintiffs Lack Standing To Bring Most Of Their Claims ....... 2

        A.    It Is Necessary to Address Plaintiffs' Standing............. 2

        B.    Fried Lacks Standing................................................. 3

        C.    Franklin Lacks Standing............................................ 4

        D.    All Plaintiffs Lack Standing To Assert Rohrabacher-Farr Amendment Claims ........................ 5

    II.    The Challenged Provisions Do Not Violate The Second Amendment.......................................................................... 6

        A.    Medical Marijuana Users Lack a Constitutional Right to Possess Firearms Because They Are Not Law-Abiding.................................................................... 6

        B.    The Challenged Provisions Are Consistent With Historical Tradition ................................................. 7

        C.    The Danger of Firearms Possession by Marijuana Users Further Supports the Challenged Laws' Constitutionality ............................................ 11

    II.    Plaintiffs Fail to State a Claim Under the Rohrabacher-Farr Amendment................................................................... 13

    III.    No Further Factual Development Is Necessary.................... 15

CONCLUSION .................................................................................. 16

CERTIFICATE OF WORD COUNT................................................... 18

CERTIFICATE OF SERVICE.............................................................. 19

# TABLE OF AUTHORITIES

## Cases

*Berger v. North Carolina State Conference of the NAACP*,
  142 S. Ct. 2191 (2022).........................................................................4

*Bradley v. United States*,
  402 F. Supp. 3d 398 (N.D. Ohio 2019)...............................................4

*Dist. of Columbia v. Heller*,
  554 U.S. 570 (2008) ............................................................................6

*Gill v. Whitford*,
  138 S. Ct. 1916 (2018).........................................................................3

*Gonzales v. Raich*,
  545 U.S. 1 (2005).................................................................................6

*In re Great Lakes Cultivation, LLC*,
  No. 21-12775, 2022 WL 3569586
  (E.D. Mich. Aug. 18, 2022)..............................................2, 7, 14, 15

*Lake Carriers' Association v. MacMullan*,
  406 U.S. 498 (1972) ........................................................................4, 5

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ............................................................................6

*New York State Rifle & Pistol Association v. Bruen*,
  142 S. Ct. 2111 (2022)................................................................*passim*

*Town of Chester N.Y. v. Laroe Ests., Inc*,
  137 S Ct. 1645 (2017)..........................................................................2

*Tsao v. Captiva MVP Rest. Partners, LLC*,
  986 F.3d 1332 (11th Cir. 2021)...........................................................5

*United States v. Carter*,
  750 F.3d 462 (4th Cir. 2014).............................................................13

*United States v. Daniels*,
   --- F. Supp. 3d ---, 2022 WL 2654232 (S.D. Miss. July 8, 2022)........9, 11

*United States v. Jackson*,
   No. CR-22-59-D, 2022 WL 3582504 (W.D. Okla. Aug. 19, 2022).......... 9

*United States v. McIntosh*,
   833 F. 3d 1163 (9th Cir. 2016)................................................ 6, 7, 13

*United States v. Nutter*,
   No. 2:21-CR-00142, 2022 WL 3718518 (S.D.W. Va. Aug. 29, 2022)  9-10

*United States v. White*,
   593 F.3d 1199 (11th Cir. 2010)........................................................ 9

*United States v. Yancey*,
   621 F.3d 681 (7th Cir. 2010)........................................................9, 11

**Statutes**

18 U.S.C. § 922 .............................................................*passim*

21 U.S.C. § 844 ...................................................................... 6

1883 Mo. Laws 76, § 1 .................................................... 10

Fla. Stat. § 790.06 ............................................................... 4

**Other Authorities**

Don B. Kates & Clayton E. Cramer, *Second Amendment Limitations and
   Criminological Considerations*, 60 Hastings L.J. 1339 (2009).............. 11

Florida Board of Medicine, Medical Marijuana Consent Form ................ 12

Robert E. Shalhope, *The Armed Citizen in the Early Republic*,
   49 Law & Contemporary Problems 125 (1986).................................. 11

## INTRODUCTION

The Second Amendment does not guarantee the right to possess firearms while engaged in criminal activity. Because the Supreme Court has defined the Second Amendment as protecting "law-abiding" citizens, *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111, 2122 (2022), Plaintiffs argue that the crime of marijuana possession is somehow not really a crime. Plaintiffs are wrong. The Rohrabacher-Farr Amendment temporarily bars the Department of Justice ("DOJ") from spending money to prevent states from implementing medical marijuana laws, but it does not legalize medical marijuana or immunize users from prosecution. Plaintiffs attempt to distinguish the historical firearms regulations discussed in Defendants' motion, but a "historical *analogue*" rather than a "historical *twin*" is sufficient. *Id.* at 2133. The challenged laws are less burdensome than analogous historical restrictions and pass constitutional muster because they do not "burden a law-abiding citizen's right to armed self-defense." *Id.*

Plaintiffs' Rohrabacher-Farr Amendment claims fail because DOJ has not prevented Florida from implementing its medical marijuana laws. As another district court recently concluded, the Rohrabacher-Farr Amendment does not prevent DOJ from imposing consequences for medical marijuana activities that are "not a criminal prosecution[,]" where those consequences

do not "prevent[] states from implementing state laws to legalize medical marijuana." *In re Great Lakes Cultivation, LLC*, No. 21-12775, 2022 WL 3569586, at *8 (E.D. Mich. Aug. 18, 2022).

Plaintiffs fail to refute Defendants' standing arguments that Fried alleges no interference with regulatory activities under her purview, Franklin fails to allege imminent injury, and no Plaintiff alleges injury from DOJ spending in violation of the Rohrabacher-Farr Amendment.

## ARGUMENT

### I.  Plaintiffs Lack Standing To Bring Most Of Their Claims

#### A.   It Is Necessary to Address Plaintiffs' Standing

Plaintiffs incorrectly assert that because Defendants do not contest Cooper and Hansell's standing to bring Second Amendment claims, the issue of standing for other plaintiffs and claims "is moot." Mem. in Opp'n to Mot. to Dismiss 6, ECF No. 15 ("Opp."). But "standing is not dispensed in gross." *Town of Chester N.Y. v. Laroe Ests., Inc.*, 137 S Ct. 1645, 1650 (2017). Rather, "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Id.* Standing to bring Second Amendment claims does not confer standing to bring Rohrabacher-Farr Amendment claims. For the Second Amendment claims, the relief available may depend on who has standing, because "[a] plaintiff's

2

remedy must be tailored to redress the plaintiff's particular injury." *Gill v. Whitford*, 138 S. Ct. 1916, 1934 (2018).  For example, the scope of any injunction may be narrower if no state official is a plaintiff.  Therefore, addressing all Plaintiffs' standing is necessary.

### B.    Fried Lacks Standing

Fried lacks standing because she alleges no injury to herself or FDACS.  Defs.' Mem. in Supp. of Mot. to Dismiss First Am. Compl. 12-14, ECF No. 14 ("Mem.").  Of course, Fried "represent[s] a state agency," (i.e., FDACS), Opp. 6, but that does not authorize Fried to assert the interests of Florida's government generally.  Fried asserts she has "significant" oversight over Florida's medical marijuana program, Opp. 7, but the purported significance of the aspects under her purview is beside the point. What matters is that she does not allege federal interference with those aspects: regulating growing marijuana, licensing vendors of edible marijuana, or hearing consumer complaints.  First Am. Compl. ¶ 27, ECF No. 12 ("FAC").

Fried also oversees issuance of firearms concealed carry licenses, but she is incorrect that Florida law requires issuing permits to medical marijuana users and therefore is "contradict[ed]" by federal law.  Opp. 6-7. Florida law provides that FDACS "shall issue a license if the applicant . . .

[i]s not prohibited from purchasing or possessing a firearm by any other provision of Florida *or federal* law." Fla. Stat. § 790.06(2)(n) (emphasis added). Federal law prohibits medical marijuana users from possessing firearms. 18 U.S.C. § 922(g)(3). Therefore, consistent with federal law, Florida law does not provide for issuance of concealed carry permits to medical marijuana users. *Berger v. North Carolina State Conference of the NAACP*, 142 S. Ct. 2191 (2022), cited by Plaintiffs, is inapposite. In *Berger*, a state statute authorized legislative leaders to defend state statutes, *id.* at 2197, but Fried cites no applicable Florida statute here.

## C.   Franklin Lacks Standing

Franklin fails to distinguish *Bradley v. United States*, 402 F. Supp. 3d 398, 400-01 (N.D. Ohio 2019), which rejected standing in virtually identical circumstances. Mem. 14-15. While Plaintiffs argue that it is unclear that Bradley "pled that he was affirmatively coerced against participating" in the medical marijuana program, Opp. 9 n.3, Bradley's allegations are substantively identical to Franklin's. *Compare* Compl., *Bradley*, No. 1:19-cv-00284-DAP, ECF No. 1, ¶¶ 14, 16 (N.D. Ohio filed Feb. 6, 2019), *with* FAC ¶¶ 35-37. *Lake Carriers' Association v. MacMullan*, 406 U.S. 498 (1972), cited by Plaintiffs, is inapposite. *Lake Carriers* held that a

business's economic burdens to comply with a regulation constituted injury-in-fact. *Id.* at 508. Franklin makes no such allegations.

### D. All Plaintiffs Lack Standing To Assert Rohrabacher-Farr Amendment Claims

Plaintiffs lack standing for their Rohrabacher-Farr Amendment claims because they do not allege that DOJ expenditures caused them injury. Mem. 15. The allegations cited by Plaintiffs, *see* Opp. 10 (citing FAC ¶¶ 6, 7, 31, 34, 73), do not mention DOJ spending, except the conclusory allegation that Defendants "are expending and have expended federal funds to promulgate and enforce the Challenged Sections and the Challenged Regulations." FAC ¶ 73. However, "conclusory allegations of injury are not enough to confer standing." *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1343 (11th Cir. 2021).

Cooper and Hansell clarify that their alleged injury is that gun stores refused to sell them firearms. Opp. 10-11. But regardless of any DOJ expenditures, 18 U.S.C. § 922(d)(3) criminalizes selling firearms to marijuana users. Plaintiffs do not allege that absent unspecified DOJ spending, these stores would have committed a federal crime. Therefore, they fail to allege that their claimed Rohrabacher-Farr injury is "fairly traceable to the challenged action of the defendant, and not the result of

the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up).

## II.    The Challenged Provisions Do Not Violate The Second Amendment

### A.    Medical Marijuana Users Lack a Constitutional Right to Possess Firearms Because They Are Not Law-Abiding

The Supreme Court has defined the Second Amendment right as belonging to "law-abiding" citizens. Mem. 16-18; *Dist. of Columbia v. Heller*, 554 U.S. 570, 635 (2008); *Bruen*, 142 S. Ct. at 2122. Marijuana possession is a federal crime, even for medical marijuana users. Mem. 6-7, 21 U.S.C. § 844(a); *Gonzales v. Raich*, 545 U.S. 1, 14 (2005). Plaintiffs argue that medical marijuana users are law-abiding, even though they commit federal crimes. This illogical argument fails.

Plaintiffs assert that medical marijuana users are law-abiding because under the Rohrabacher-Farr Amendment, the "federal government[] ha[s] made clear there will be no criminal punishment" for possessing medical marijuana. Opp. 12. But *United States v. McIntosh*, 833 F. 3d 1163 (9th Cir. 2016), cited throughout Plaintiffs' Opposition, refutes this argument. *McIntosh* interpreted the Rohrabacher-Farr Amendment as prohibiting prosecution for possession of medical marijuana for the duration of the appropriations restriction, but warned: "Congress could restore funding

6

tomorrow, a year from now, or four years from now, and the government could then prosecute individuals who committed offenses while the government lacked funding." *Id.* at 1179 n.5.  The Rohrabacher-Farr Amendment does not confer "immunity from prosecution for federal marijuana offenses." *Id.*; *see also In re Great Lakes Cultivation*, 2022 WL 3569586, at *7 ("the appropriations rider did not legalize marijuana"). Those who possess medical marijuana are committing crimes today for which they may be prosecuted in the future.  Therefore, they are not "law-abiding."

## B.    The Challenged Provisions Are Consistent With Historical Tradition

Even if the Supreme Court had not already defined the Second Amendment in a way that excludes non-law-abiding citizens, a review of "this Nation's historical tradition of firearm regulation" would compel the conclusion that disarming unlawful drug users is constitutional. *Bruen*, 142 S. Ct. at 2126; *see* Mem. 21-33.  Plaintiffs fail to refute Defendants' historical showing.

Plaintiffs argue that they do not fit squarely within various groups that have historically been disarmed.  *See*, *e.g.*, Opp. 1 (plaintiffs "are not 'tramps,' 'mentally ill,' 'criminals,' 'lunatics,' 'panhandlers,' or 'unvirtuous'"); *id.* at 19 (arguing that Plaintiffs are not felons).  Such

arguments fail to heed *Bruen*'s instruction that a "historical *analogue*," is sufficient to sustain firearms regulations, but a "historical *twin*" is not required. 142 S. Ct. at 2133.

Plaintiffs also argue that historical firearms regulations are not close enough analogues, but they entirely ignore the "metrics" that *Bruen* stated were "central" to the "analogical inquiry": "how and why the regulations burden a law-abiding citizen's right to armed self-defense." *Id.* Under those metrics, Sections 922(d)(3) and (g)(3) are constitutional because they do not burden the rights of law-abiding citizens, but burden only those actively engaged in criminal activity. Mem. 27-28. Plaintiffs' only response is their incorrect assertion that medical marijuana users are law-abiding.

Plaintiffs' other attacks on Defendants' historical analysis fail. Plaintiffs argue that gun violence is a "general societal problem that has persisted" since 1791, *Bruen*, 142 S. Ct. at 2131, but the founders did not disarm marijuana users. Opp. 16. However, the problem of *unlawful* marijuana use or possession is of more recent vintage; by Plaintiffs' account, marijuana was not criminalized until the 20th century. Opp. 17-18. And historical tradition supports disarming those who commit crimes. Mem. 22-23.

8

Plaintiffs criticize the historical analysis in *United States v. Yancey*, 621 F.3d 681 (7th Cir. 2010), which another district court recently followed, *see United States v. Daniels*, --- F. Supp. 3d ---, 2022 WL 2654232, at *4 (S.D. Miss. July 8, 2022), because *Yancey* purportedly "was decided based on the now-defunct intermediate scrutiny test." Opp. 17. But *Yancey* considered the historical pedigree supporting § 922(g)(3) at length and found that it supported the statute's constitutionality. Contrary to Plaintiffs' assertion, *Yancey*'s historical analysis did not rest on late Twentieth Century sources. Opp. 17-18. *Yancey* considered historical scholarship about the founding era and case law and treatises from the Nineteenth Century. 621 F.3d at 684-85 (describing "unbroken history . . . dating back to the time of the amendment's ratification").

Plaintiffs argue that the historical tradition supporting disarmament of felons is irrelevant because simple marijuana possession is a misdemeanor on the first offense. Opp. 22-24. But misdemeanors can also justify disarmament. Courts before and after *Bruen* have upheld the ban on firearms possession by domestic violence misdemeanants by analogizing it to disarmament of felons. *United States v. White*, 593 F.3d 1199, 1205-06 (11th Cir. 2010); *United States v. Jackson*, No. CR-22-59-D, 2022 WL 3582504, at *3 (W.D. Okla. Aug. 19, 2022); *United States v. Nutter*, No.

2:21-CR-00142, 2022 WL 3718518, at *6-7 (S.D.W. Va. Aug. 29, 2022). Marijuana users also engage in criminal activity that renders firearms possession dangerous, albeit for different reasons (i.e., the propensity for violence for domestic violence misdemeanants, and the impairing effects of marijuana for marijuana users).

Plaintiffs argue that § 922(g)(3) is more burdensome than historical regulations applicable to alcohol intoxication because historical regulations "sought to keep firearms out of individuals' hands while they were under the effect of the substance." Opp. 20. However, Plaintiffs ignore the key distinction that marijuana possession is illegal, whereas historically, alcohol was legal. Therefore, under *Bruen*'s metric of "how" firearms regulations "burden a law-abiding citizen's right to armed self-defense," 142 S. Ct. at 2133, § 922(g)(3) is less burdensome than these historical regulations, which prevented law-abiding citizens from carrying or using weapons while ingesting a legal substance, *see, e.g.*, 1883 Mo. Laws 76, § 1, ECF No. 14-18 (prohibiting carrying a dangerous weapon "when intoxicated"). By contrast, § 922(g)(3) applies only to those engaged in criminal activity.

Finally, Plaintiffs discount court decisions that have relied on the historical "virtuous citizen" theory to uphold firearms regulations, arguing that this theory applies only to "felon and felon-equivalents." Opp. 22-23.

But courts have relied on the "virtuous citizen" theory to support

§ 922(g)(3), *see Yancey*, 621 F.3d at 684-85; *Daniels*, 2022 WL 2654232, at

*4, and this theory also supports denying firearms rights to children and the

mentally ill.  Don B. Kates & Clayton E. Cramer, *Second Amendment*

*Limitations and Criminological Considerations*, 60 Hastings L.J. 1339,

1359-60 (2009).[1]

## C. The Danger of Firearms Possession by Marijuana Users Further Supports the Challenged Laws' Constitutionality

Defendants showed that marijuana's impairing effects make it

dangerous for marijuana users to possess firearms.  Mem. 28-33.  Plaintiffs

argue that the Court should disregard this showing because *Bruen* forbids

"policy reasoning."  Opp. 22.  But *Bruen* instructs courts to consider whether

modern regulations are "comparably justified" compared to historical

regulations by considering "why" they were enacted.  142 S. Ct. at 2133.

Plaintiffs do not dispute marijuana's impairing effects acknowledged

in the Florida Board of Medicine's informed consent form, which states that

marijuana "can affect coordination, motor skills and cognition, i.e., the

---

[1] The virtuous citizen theory does not mean that those without firearms rights are unvirtuous in the moral sense.  The theory invokes the philosophical concept of "civic virtue," which was influential at the founding and shaped the historical understanding of the right to bear arms. Robert E. Shalhope, *The Armed Citizen in the Early Republic*, 49 Law & Contemporary Problems 125, 128 (1986).

ability to think, judge and reason," and causes side effects such as "dizziness, anxiety, confusion, . . . inability to concentrate, impaired motor skills, paranoia, [and] psychotic symptoms." Florida Board of Medicine, Medical Marijuana Consent Form, ECF No. 14-1, at 1-2. Nor do Plaintiffs dispute that this analysis shows the danger of using firearms under the influence of marijuana. *See* Mem. 28-29; Opp. 19 ("Plaintiffs . . . are not challenging any restriction precluding a person from using a firearm while under the influence of marijuana or any other substance."). Yet Plaintiffs argue that marijuana users can "safely use a firearm . . . when not using or under the influence of marijuana." Opp. 27. The flaw in this argument is that a marijuana user who possesses a firearm will have access to that firearm when she uses marijuana. And because marijuana impairs judgment, the danger exists that she will fail to exercise sound judgment and use the firearm while impaired.[2]

Finally, Plaintiffs argue that marijuana, or at least medical marijuana, does not induce violent crime. Opp. 24-26. But for purposes of this motion, Defendants are not relying on the association between drug use and violent

---

[2] Plaintiffs discount the significance of marijuana's impairing effects by arguing that the consent form's "language is standard to many forms of common medication," Opp. 27, but their cited sources do not say that the medications discussed cause impaired judgment.

crime.  Quite apart from any propensity of unlawful drug users to commit

violence, the fact "that drugs 'impair [users'] mental function . . . and thus

subject others (and themselves) to irrational and unpredictable behavior'"

supports the constitutionality of Sections 922(d)(3) and 922(g)(3).  *United*

*States v. Carter*, 750 F.3d 462, 469-70 (4th Cir. 2014) (citation and footnote

omitted).

## II.   Plaintiffs Fail to State a Claim Under the Rohrabacher-Farr Amendment

Plaintiffs fail to state a Rohrabacher-Farr Amendment claim because

they do not allege that DOJ expenditures are preventing Florida from

implementing its medical marijuana laws.  Mem. 33-36.  Plaintiffs argue that

DOJ enforcement of Sections 922(d)(3) and 922(g)(3) would violate the

Rohrabacher-Farr Amendment because the threat of enforcement allegedly

induced Franklin (and could induce others) not to participate in Florida's

medical marijuana program.  Opp. 31.  But even assuming that is true, that

would not establish a violation.  To "implement" means "to give practical

effect," so the Rohrabacher-Farr Amendment prohibits DOJ expenditures

that prevent states from "giving practical effect" to their medical marijuana

laws.  *McIntosh*, 833 F.3d at 1176.  Plaintiffs do not plead that DOJ

spending has prevented Florida from giving practical effect to its medical

marijuana laws, nor could they, given that Florida grew the program from

zero users to more than 700,000 in just a few years.  Mem. 34; Compl. Ex. C, ECF No. 1-3.

A recent case shows that the DOJ can impose serious negative consequences on medical marijuana participation short of criminal prosecution without violating the Rohrabacher-Farr Amendment.  In *Great Lakes Cultivation*, a medical marijuana business filed for bankruptcy, and the DOJ successfully moved for the bankruptcy judge to dismiss the bankruptcy petition because medical marijuana is illegal.  2022 WL 3569586, at *3-5.  The district court held that the DOJ's motion "d[id] not violate" the Rohrabacher-Farr Amendment because "[d]ismissal of a bankruptcy petition is not a criminal prosecution . . . .  Unlike the conflict between state laws legalizing marijuana and the CSA, a law that authorizes marijuana businesses does not conflict with an interpretation of the Bankruptcy Code deeming those businesses ineligible for bankruptcy protection." *Id.* at *8.  Likewise, preventing someone from possessing firearms "is not a criminal prosecution," and doing so "does not conflict" with state laws authorizing medical marijuana. *Id.*

Denying someone the ability to discharge debts in bankruptcy is a serious consequence, which undoubtedly could dissuade businesspeople from entering the medical marijuana market.  Yet that deterrent effect was

14

insufficient to violate the Rohrabacher-Farr Amendment because "[n]othing about a motion to dismiss a bankruptcy case, even a motion filed by [DOJ], prevents states from implementing state laws to legalize medical marijuana." *Id.* So too here, nothing about enforcing federal prohibitions on firearms possession by medical marijuana users prevents states from implementing medical marijuana laws.

## III.   No Further Factual Development Is Necessary

Plaintiffs argue throughout their Opposition that further factual development is necessary, but they fail to show why.  It is undisputed that marijuana possession is a federal crime, and no further proceedings are necessary to evaluate the historical materials submitted by Defendants.  To the extent the impairing effects of marijuana are relevant, those are undisputed.  Plaintiffs do not dispute the accuracy of the Florida Board of Medicine's analysis of marijuana's impairing effects.

No factual development concerning the individual Plaintiffs is necessary.  Plaintiffs claim that these laws cannot be constitutionally applied to any medical marijuana users.  Their claims are not based on any factual allegations that separate the individual Plaintiffs from medical marijuana users in general.  Defendants have shown that even accepting Plaintiffs'

factual allegations as true, Plaintiffs fail to state a claim.  The Court can and should dismiss their claims.[3]

## CONCLUSION

The Court should dismiss all claims for lack of subject-matter jurisdiction or failure to state a claim.

---

[3] Defendants moved for summary judgment in the alternative to the extent the Court considers factual materials outside the pleadings that are not subject to judicial notice.  Mem. 29 n.15.  The only such materials Defendants submitted were several studies and analyses of marijuana's impairing effects.  *See* ECF No. 14-22 – 14-30; Mem. 29-32 (discussing these materials).  If the Court considers those materials, the Court could grant summary judgment.  But because Florida's informed consent form (which is subject to judicial notice and can be considered on a motion to dismiss, Mem. 29 n.14) establishes marijuana's impairing effects, the Court can grant Defendants' Motion to Dismiss without considering these materials.

DATED: September 21, 2022          Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

/s/ *Jeremy S.B. Newman*
JEREMY S.B. NEWMAN
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L St. NW
Washington, DC 20005
Phone: (202) 532-3114
Email: jeremy.s.newman@usdoj.gov


*Counsel for Defendants*

## CERTIFICATE OF WORD COUNT

I hereby certify that this memorandum complies with Local Rule

7.1(I) because it contains 3,191 words, as calculated using Microsoft Word

and excluding the case style, table of contents, table of authorities, signature

block, and certificate of service.

/s/ *Jeremy S.B. Newman*
Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Jeremy S.B. Newman*
Trial Attorney