# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

VERA COOPER, NICOLE
HANSELL, and NEILL FRANKLIN

Plaintiffs,

v.

PAMELA BONDI, in her official
capacity as Attorney General of the
United States, DANIEL DRISCOLL,
in his official capacity as Acting
Director of the Bureau of Alcohol,
Tobacco, Firearms, and Explosives,
and THE UNITED STATES OF
AMERICA,[1]

Defendants.

No. 4:22-cv-00164-AW-MAF

## DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS

Defendants hereby move to stay proceedings in this Court in this matter.[2] Defendants respectfully request that the Court stay this case pending the Supreme Court's resolution of *United States v. Hemani*, No. 24-1234

---

[1] Per Federal Rule of Civil Procedure 25(d), Pamela Bondi and Daniel Driscoll are automatically substituted as Defendants for Merrick Garland and Steven M. Dettelbach.

[2] Such a stay would not affect Defendants' deadline to petition the Supreme Court for certiorari to review the Eleventh Circuit's judgment in this case.

(U.S.), a case concerning the constitutionality of the same statutory provision at issue here. Moreover, appropriations to the Department of Justice have lapsed. At a minimum, Defendants request that the Court stay this case until appropriations are restored to the Department of Justice. Defendants further request that the Court rule on this motion within seven days, by October 30, 2025, so that the parties have clarity on whether they must comply with the deadlines set in this Court's recent order. *See* Order on Remand, ECF No. 40 (Oct. 20, 2025).

Undersigned counsel conferred with counsel for Plaintiffs, who indicated that Plaintiffs do not oppose this Motion.

## MEMORANDUM IN SUPPORT OF
## <u>DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS</u>

Defendants respectfully request that the Court stay this case, for two reasons. First, the Supreme Court recently granted certiorari in a case concerning the constitutionality under the Second Amendment of 18 U.S.C. § 922(g)(3), the same statutory provision at issue in this case. *See United States v. Hemani*, No. 24-1234, 2025 WL 2949569 (U.S. Oct. 20, 2025). In addition, appropriations funding the Department of Justice lapsed at the end of the day on September 30, 2025, and federal law prohibits Department attorneys and employees from working except in certain limited circumstances. Therefore, judicial economy and the efficient use of the resources of the Court and the parties support staying this case pending the Supreme Court's resolution of *Hemani*. At a minimum, the Court should stay this case until appropriations are restored to the Department of Justice.

### LEGAL STANDARD

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A district court "can stay a case to

3

'promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions.'" *Pen Am. Ctr. V. Escambia Cnty. Sch. Bd.*, No. 3:23-cv-10385-TKW-ZCB, 2025 WL 287457, at \*2 (N.D. Fla. Jan. 13, 2025) (quoting *Lopez v. Miami-Dade Cnty.*, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015)).  "The district court must exercise its judgment by weighing competing interests and maintaining an even balance in light of the economy of time and effort for the court, for counsel, and for the litigants."  *Home Design Servs. v. Stewart*, No. 3:09-cv-140-MCR-MD, 2009 WL 10710863, at \*1 (N.D. Fla. Dec. 24, 2009) (citing *Landis*, 299 U.S. at 254-55).

## I.   The Court Should Stay This Case Pending the Supreme Court's Resolution of *Hemani*

The Court should stay this case because the Supreme Court is currently hearing a case concerning the constitutionality of the same statutory provision at issue in this case, 18 U.S.C. § 922(g)(3).  In the decision under review in *Hemani*, the Fifth Circuit affirmed dismissal of an indictment under 18 U.S.C. § 922(g)(3) and reaffirmed the Fifth Circuit's holding in an earlier case that 18 U.S.C. § 922(g)(3) did not comport with the Second Amendment as applied to someone who was not shown to be "unlawfully using a controlled substance at the time she was found in possession of a firearm."  *United States v. Hemani*, No. 24-40137, 2025 WL 354982, at \*1 (5th Cir. Jan. 31, 2025) (per curiam) (citing *United States v. Connelly*, 117 F.4th 269 (5th Cir. 2024)).

4

The United States petitioned for certiorari, asking the Supreme Court to resolve the question "[w]hether 18 U.S.C. § 922(g)(3), the federal statute that prohibits the possession of firearms by a person who 'is an unlawful user of or addicted to any controlled substance,' violates the Second Amendment as applied to respondent."  Petition for a Writ of Certiorari, *Hemani*, 2025 WL 1593262, at 1 (U.S. June 2, 2025).  On October 20, 2025, the Supreme Court granted certiorari.  *Hemani*, 2025 WL 2949569.

This case also concerns the extent to which § 922(g)(3) comports with the Second Amendment.  In this case, Plaintiffs allege that they either use or wish to use marijuana pursuant to Florida's medical marijuana laws.   First Am. Compl. ¶¶ 29, 33, 37.  Plaintiffs also allegedly wish to possess firearms while being regular users of marijuana, but are prohibited from doing so by § 922(g)(3).  *See id.* ¶¶ 30-31, 33-35, 37.  Plaintiffs seek a declaration that § 922(g)(3) and its implementing regulations violate the Second Amendment as applied to their conduct, *id.* ¶¶ 111, 125, and an injunction preventing the government from enforcing § 922(g)(3) and its implementing regulations against Plaintiffs, *id.* ¶¶ 132.[3]

---

[3] The operative complaint also contains claims that Defendants are violating the Rohrabacher-Farr Amendment, *id.* ¶¶ 135-46, but Plaintiffs did not appeal this Court's dismissal of those claims, *see Cooper v. Attorney General*, 148 F.4th 1307, 1314 n.11 (11th Cir. 2025).  Therefore, those claims are no longer part of the case.

Courts regularly stay cases where, as here, a higher court is considering a legal issue that will have a significant bearing on the case.  For example, in staying a case, the District Court for the District of Columbia reasoned, "[b]ecause many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency." *Univ. of Colo. Health Mem'l Hosp. v. Burwell*, 233 F. Supp. 3d 69, 88 (D.D.C. 2017); *see also, e.g.*, *Cal. Ass'n of Health Facilities v. Maxwell-Jolly*, No. 10-cv-3259, 2010 WL 2612694, at *2 (C.D. Cal. June 24, 2010) (granting a stay pending Supreme Court's decision on a petition for certiorari, because the plaintiffs were challenging the same policy at issue in the case pending before the Supreme Court); *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, No. 1:08-cv-135, 2010 WL 567993, at *1 (N.D. Ind. Feb. 12, 2010) (staying case until outcome of Supreme Court decision, so as to provide the court with "clear direction on the precise standard to be applied" in evaluating the claims in the case); *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1055 (S.D. Ill. 2006) (noting that "[s]uch stays are entered quite routinely" and collecting cases) *Coombs v. Diguglielmo*, No. 04-cv-1841, 2004 WL 1631416, at *1 (E.D. Pa. July 21, 2004) (stay granted in light of

6

pending petition for certiorari in case that may have "significant impact" on case before the court).

In the appeal in this very case, the Eleventh Circuit *sua sponte* entered an order "h[o]ld[ing] [the appeal] in abeyance pending the Supreme Court's decision in *United States v. Rahimi*." Order, *Cooper*, No. 22-13893, ECF No. 60-2 (11th Cir. Feb. 14, 2024). If anything, the justification for staying this case pending the Supreme Court's resolution of *Hemani* is even clearer than was the justification for staying the appeal pending the resolution of *Rahimi*. *Rahimi* concerned the constitutionality under the Second Amendment of a different statutory provision, 18 U.S.C. § 922(g)(8), which prohibits those under domestic violence restraining orders from possessing firearms. *See United States v. Rahimi*, 602 U.S. 680, 684-85 (2024). *Hemani* concerns the constitutionality of the same provision at issue in this case, § 922(g)(3).

Granting a stay would promote judicial economy and the efficient use of resources of the Court and the parties. The resolution of *Hemani* will almost certainly have a significant impact on this case. The Supreme Court's ruling on the constitutionality of § 922(g)(3) will likely shed significant light on the viability of Plaintiffs' claims here and what factual development, if any, is necessary to determine whether the application of § 922(g)(3) is constitutional as applied to Plaintiffs. Furthermore, this requested stay would

7

not prejudice the Plaintiffs, as shown by the fact that Plaintiffs do not oppose this Motion. The Court, Plaintiffs, and Defendants would all benefit from having the Supreme Court's most recent word on the constitutionality of § 922(g)(3) before proceeding with this litigation.

## II. At a Minimum, the Court Should Stay this Case for the Duration of the Lapse in Appropriations to the Department of Justice

At a minimum, the Court should stay this case until appropriations are restored to the Department of Justice. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and those appropriations to the Department lapsed. The same is true for the majority of other Executive agencies, including the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), which is part of the Department of Justice. The Department does not know when such funding will be restored by Congress.

Absent an appropriation, Department of Justice attorneys and employees of the federal Defendants are prohibited from working, even on a voluntary basis, except in limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

Undersigned counsel for the Department of Justice therefore requests a stay of proceedings in this case, including the deadlines set forth in the Court's

8

Order on Remand, ECF No. 40, until Congress has restored appropriations to the Department. If this motion for a stay is granted, undersigned counsel will notify the Court as soon as Congress has appropriated funds for the Department.[4]

## CONCLUSION

Defendants respectfully request that the Court stay proceedings in this case pending the Supreme Court's resolution of *United States v. Hemani*, No. 24-1234. At a minimum, the Court should stay proceedings in this case until appropriations are restored to the Department of Justice. The Court should postpone the deadlines set forth in the Court's Order on Remand, ECF No. 40, until 21 days after the stay is lifted. Defendants also respectfully request that the Court rule on this Motion by October 30, 2025.

---

[4] On October 1, 2025, the day the lapse in appropriations began, undersigned counsel similarly requested stays in other cases with pending deadlines. Undersigned counsel is requesting such relief in this case now because the case only recently returned to this Court.

9

DATED: October 23, 2025        Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Director
Federal Programs Branch

/s/ *Jeremy S.B. Newman*
JEREMY S.B. NEWMAN
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L St. NW
Washington, DC 20005
Phone: (202) 532-3114
Email: jeremy.s.newman@usdoj.gov

*Counsel for Defendants*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Jeremy S.B. Newman*
Trial Attorney

**CERTIFICATE OF WORD COUNT**

I hereby certify that this memorandum complies with Local Rule 7.1(F) because it contains 1,574 words, as calculated using Microsoft Word and excluding the case style, signature block, and certificate of service.

/s/ *Jeremy S.B. Newman*
Trial Attorney

**CERTIFICATE OF CONFERENCE**

I hereby certify that I complied with the attorney-conference requirement of Local Rule 7.1(B).  I conferred with Plaintiffs' counsel William D. Hall III by email on October 21, 2025, and October 22, 2025.  Mr. Hall indicated that Plaintiffs do not oppose this motion.

/s/ *Jeremy S.B. Newman*
Trial Attorney