**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

| | |
|---|---|
| VERA COOPER, NICOLE HANSELL, and NEILL FRANKLIN<br><br>Plaintiffs,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Attorney General of the United States, ROBERT CEKADA, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and THE UNITED STATES OF AMERICA,<br><br>Defendants. | No. 4:22-cv-00164-AW-MAF |

**<u>JOINT STATUS REPORT</u>**

Pursuant to the Court's September 25, 2026 order (ECF No. 45), Plaintiffs and Defendants hereby submit the following Joint Status Report:

1. The Parties have continued to confer regarding this matter, but have not yet reached a resolution to this as-applied challenge.

2. Part of the issue with both settlement and continued litigation of this matter is the current status of the pertinent underlying regulations. Specifically, the Drug Enforcement Administration has issued a final rule affecting the scheduling of some marijuana products. *See* AG Order 6754-

2026, https://www.federalregister.gov/documents/2026/04/28/2026-08176/schedules-of-controlled-substances-rescheduling-of-food-and-drug-administration-approved-products.

3. The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has proposed changes to Form 4473 (which are not final) which could materially affect the dispute between the parties. *See* Proposed Rule 1140-AA82, https://regulations.atf.gov/upcoming-regulation-changes#RIN-1140-AA82. Additionally, in the wake of *United States v. Hemani*, 608 U.S. 772 (2026), the Department of Justice (DOJ) and ATF are actively considering their approach to medical marijuana and firearms. Although DOJ and ATF cannot state with certainty what actions, if any, will result from such consideration, future actions may significantly affect this case and the Court's jurisdiction.

4. From the Plaintiffs' perspective, there is no need for further litigation if the relief they seek will be or has been granted through these regulatory changes. At the same time, they do not wish for this matter to languish or clog the Court's docket unnecessarily.

5. Additionally, Plaintiffs are mindful of the Eleventh Circuit's direction in footnote 17 of its early opinion[1] in this matter that if "the Drug Enforcement Agency's proposed rule reclassifying marijuana as a Schedule III controlled substance is finalized…the district court should determine what effect that final rule has on its Article III jurisdiction."

6. Defendants would prefer that the matter remain stayed while they consider potential actions that may have a significant effect on this case. Defendants recognize that whether to stay a case is a matter for the Court's discretion.

7. Accordingly, the Parties jointly request the Court hold a status conference regarding this matter to discuss how this matter should proceed forward in light of these ongoing regulatory actions and the Eleventh Circuit's opinion.

8. If available on the Court's calendar, the Parties would request that this status report be held via Zoom/virtually on the week of December 14, 2026. If not, Defendants are unavailable the week of December 21, 2026, but the Parties are prepared to hold such a virtual status conference as soon as the Court is otherwise available.

---

[1] *See Fla. Comm'r of Agriculture v. Attorney General*, 148 F.4th 1307, 1322 n.17 (11th Cir. 2025).

DATED: November 25, 2026

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Director
Federal Programs Branch

/s/ *Jeremy S.B. Newman*
JEREMY S.B. NEWMAN
Chief Litigation Counsel
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L St. NW
Washington, DC 20005
Phone: (202) 532-3114
Email: jeremy.s.newman@usdoj.gov

*Counsel for Defendants*

/s/ William D. Hall, III
William D. Hall, III
Florida Bar No. 67936)
JONES WALKER LLP
106 E. College Ave., Suite 1200
Tallahassee, Florida 32301
Tel: (850) 214-5100
whall@joneswalker.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *William D. Hall, III*
Counsel for Plaintiffs

## CERTIFICATE OF WORD COUNT

I hereby certify that this motion complies with Local Rule 7.1(F) because it contains 424 words, as calculated using Microsoft Word and excluding the case style, signature block, and certificate of service.

/s/ *William D. Hall, III*
Counsel for Plaintiffs